

FILED

MAY 19 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOANN GOODMAN, | CIV 04-3001 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION REMANDING SOCIAL SECURITY APPEAL |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claim for social security disability ("SSD") and supplemental security income ("SSI") benefits. Plaintiff filed a motion (Doc. 16) for summary judgment. Defendant thereafter filed a motion (Doc. 18) to remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner, after review of plaintiff's brief, has concluded that the administrative law judge ("ALJ") failed to properly (1) evaluate the plaintiff's work to determine whether substantial gainful activity was performed during 1997; (2) evaluate the plaintiff's mental limitations; (3) evaluate the plaintiff's residual functional capacity which includes all her exertional and non-exertional limitations; and (4) determine if plaintiff could perform other jobs. The Commissioner requests the Court to enter a judgment reversing her decision and remanding the matter to her so that the Appeals Council can remand the matter to the ALJ with instructions to consider the foregoing.

Plaintiff filed a motion (Doc. 20) for specific instructions in the order of remand. Plaintiff proposes that the Appeals Council be required to consider whether the evidence is sufficient to find that plaintiff's combined impairments are medically equivalent to a listed impairment, entitling her to an award of benefits. Defendant objects to that instruction. Plaintiff also proposes that, if the Appeals Council remands to an ALJ for a further hearing, the ALJ be

instructed to evaluate the plaintiff's mental limitations pursuant to Shontos v. Barnhart, 328 F.3d 418, 424-25 (8th Cir. 2003), further evaluate plaintiff's residual functional capacity which includes all exertional and non-exertional limitations, and articulate findings that support any conclusion that certain jobs meet "past relevant work" criteria. Defendant does not object to the specific instructions as to a remand to an ALJ.

In evaluating a claim for disability benefits, the Commissioner is to use a five-step sequential evaluation and determine:

(1) whether the claimant is presently engaged in a "substantial gainful activity;"
(2) whether the claimant has a severe impairment – one that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Cox v. Apfel, 160 F.3d 1203, 1206 (8th Cir. 1998); 20 C.F.R. § 404.1520 (SSD rules) and § 416.920 (SSI rules). Normally, this Court reviews the Social Security Commissioner's final decision only to ensure that the ALJ applied the correct legal standards and that the factual findings are supported by substantial evidence in the record as a whole. Hensley v. Barnhart, 352 F.3d 353, 355 (8th Cir.2003). However, in this case, both parties agree that the matter should be reversed and remanded for further factual determinations by the ALJ. The Commissioner has determined that the ALJ failed to properly evaluate the plaintiff's mental limitations but seeks a remand limited to considering steps (4) and (5) above. Plaintiff contends that the remand order should require the consideration of step (3) as well and contends that the Appeals Council should first consider whether the evidence in the record is sufficient to support a finding of disability at step (3).

Plaintiff's April 16, 1998, claim was denied by the ALJ at step (5). The Appeals Council remanded the matter to the ALJ with specific instructions to obtain consultive psychological and psychiatric examinations to evaluate the nature and severity of plaintiff's mental impairments. During the appeal process plaintiff filed a second claim with an earlier date of onset and those two claims were eventually consolidated. The ALJ did not apparently obtain psychological or psychiatric examinations as previously required and instead sent written interrogatories to an appointed mental health consultant who never examined the plaintiff. Relying upon the consultant's conclusions, the ALJ issued a new denial of benefits at steps (4) and (5) alternatively.

Plaintiff does not have a listed impairment because her IQ is one point above the mental retardation level. However, the regulations require the Commissioner to "review the symptoms, signs, and laboratory findings about [plaintiff's] impairments to determine whether the combination of [plaintiff's] impairments is medically equal to any listed impairment." 20 CFR § 404.1526. The Commissioner requires the consideration of the Program Operations Manual System ("POMS") in determining medical equivalence. Shontos v. Barnhart, 328 F.3d at 424. The ALJ failed to consider the POMS.

The Commissioner has now reviewed the record and has determined that this matter should further be remanded by the Appeals Council to an ALJ to determine plaintiff's mental limitations but only at steps (4) and (5). However, the record is clear that the step (3) analysis was not properly conducted as set forth above. Any remand to evaluate plaintiff's mental limitations must necessarily encompass step (3) before the Appeals Council or the ALJ can reach steps (4) and (5).

The Secretary has adopted regulations which provide for the consideration of a claim upon remand.

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision.

20 CFR § 404.983 (SSD regulations) and 20 CFR § 416.1483 (SSI regulations).

>The Appeals Council will either make a new, independent decision based on the entire record that will be the final decision of the Commissioner after remand or remand the case to an administrative law judge for further proceedings.

20 CFR § 404.984 (SSD regulations) and 20 CFR § 416.1484 (SSI regulations). The Commissioner may or may not elect to have the Appeals Council review the record instead of the ALJ. The Commissioner should be directed however to properly conduct a step (3) analysis and, if necessary, make additional findings at steps (4) and (5), as set forth above.

Based upon the record herein,

IT IS ORDERED as follows:

1. The Commissioner's decision in this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g).

2. The motion to remand (Doc. 18) for additional administrative proceedings is granted.

3. The motion for specific instructions (Doc. 20) is granted in part, as set forth above.

4. The clerk shall enter a separate judgment pursuant to Fed.R.Civ.P. 58.

5. The Commissioner shall comply with the directions as set forth above.

6. The motion for summary judgment (Doc. 16) is denied as moot.

Dated this 19th day of May, 2005.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Joephe*
DEPUTY
(SEAL)