FILED

MAY 2 6 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOANN GOODMAN, | CIV 04-3001 |
| Plaintiff, | |
| -vs- | |
| | OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff was the prevailing party in this litigation involving a motion to remand in a request for review of the social security administration's denial of disability benefits. Pursuant to 28 U.S.C. § 2412, on August 9, 2005, plaintiff's counsel moved the Court for an order awarding attorney fees of $12,167.16 and costs of $746.93 (Doc. 25). The Equal Access to Justice Act requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither of these exceptions apply.

The Commissioner does not dispute that an award of attorney fees is appropriate. However, the Commissioner objects to the number of hours billed as unreasonable (Doc. 26). The Commissioner suggests that a more reasonable amount of time for briefing would be 40 hours and that Plaintiff's counsel would, therefore, be entitled to attorney's fees of $5,935.20 ($148.38 x 40) plus expenses of $373.01 (6% sales tax ($5,935.20 x .06=$356.11) plus copying costs of $16.90). The Commissioner cites cases discussing the appropriate number of hours to be spent on a Social Security case, and the Court has considered the statements made by those courts. *See, e.g.,* Hayes v. Sec'y of Health and Human Services, 923 F.2d 418, 420 (6th Cir. 1990) (quoting the district court, which noted that, absent extraordinary circumstances, "the average number of hours for an attorney to work on a Social Security case ranges from 30 to 40 hours . . ."), and DiGennaro v. Bowen, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (surveying fee

petition in Social Security cases and concluding that "[i]n cases of this nature, compensated hours generally range from twenty to forty hours").

Plaintiff's counsel responds that the medical history involved in this case was complex and difficult to present. Goodman apparently had a multitude of medical problems, the research of which resulted in such a large number of hours spent on the case. According to the itemized bill (Doc. 24) submitted to the Court, plaintiff's counsel spent over 150 hours researching, drafting, and editing the motion for summary judgment and accompanying brief (Doc. 16). Her itemized list includes 164 total hours, but she has asked the Court for an award of attorney fees totaling $12,167.16, which represents 82 hours of work at a rate of $148.38 per hour and expenses in the amount of $746.93. Thus, she has already reduced her claimed time by half. Plaintiff's counsel states in her reply (Doc. 29) that the brief originally drafted was a staggering 61 page document. She filed a motion for leave to exceed 25 pages (Doc. 12), and was able to reduce it to 41 pages.

The Court understands that Goodman's case involves a complex medical history. Clearly it would have been difficult to consider fragmented medical evaluations and cogently present argument concerning those aspects of the case. However, the 82 hours claimed for review of the case file, research and writing on the motion for summary judgment, and other tasks associated with this motion to remand are clearly excessive. Accordingly,

IT IS ORDERED that the total number of compensable hours are reduced to 45 hours, at a rate of $148.38 per hour for a total of $6,677.10. Additionally, plaintiff's counsel is entitled to expenses in the amount of $400.63 plus copying costs of $16.90, for a grand total of $7,094.63.

Dated this 26th day of May, 2006.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Baeple
                    DEPUTY
(SEAL)